IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, on Behalf of its Agency Secretary of U.S. Department of Housing and Urban Development | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16 C 9168 |
| William P. Butcher, Special Representative estate of Iva G Gerts (Deceased), et al., | ) ) ) ) | |
| Defendants. | | |

MEMORANDUM OPINION AND ORDER

Iva G. Gerts executed a note and mortgage on September 12, 2003, in favor of Park National Bank. The note and mortgage were subsequently assigned to the United States. Pursuant to the loan documents, Gerts was entitled to periodic disbursements up to a maximum principal amount of $351,225 in exchange for a security interest in certain real property. Gerts died on April 5, 2010, with a portion of the debt memorialized in the loan documents outstanding.

The United States filed this action for foreclosure naming Gerts's heirs and others, alleging that the loan documents entitle it to demand immediate payment in full of the outstanding debt upon Gerts's death and contemplate foreclosure proceedings in the event such a demand is not satisfied. Before

me are several motions filed by the government, which I resolve as follows.

I grant as unopposed the government's motions: 1) to dismiss unknown owners and non-record claimants; 2) for judgment on the pleadings as to defendant Butcher as Special Representative; 3) for default against defendants U.S. Bank National Association, Richard E. Gerts, Sandra J. Olson, Jack T. Gerts, Kerry A. Gerts, Scott J. Gerts, Shelly Oleson, and Unknown Heirs and Legatees of Iva G. Gerts; and 4) to appoint a special commissioner. I deny, however, the government's motion for a judgment of foreclosure and its motion for summary judgment against defendant Vicki L. Ramos, an heir of Gerts's who claims ownership rights in the subject property.

While it is true that the note and mortgage the government attached to its complaint establish a *prima facie* case for foreclosure and shift the burden to Ramos to establish a defense, *Farm Credit Bank of St. Louis v. Biethman*, 634 N.E. 2d 1312, 1318 (Ill. App. Ct. 1994), the government must nevertheless come forward with affirmative evidence to prove up the amount of the debt it claims is due. In this connection, the government offers the affidavit of Heather Campbell, a loan servicing manager for Novad Management Consulting, LLC, which is an independent contractor for the United States Department of Housing and Urban Development and "manages the day to day loan

servicing for the accounts held by the programs." Campbell Aff. at ¶ 3. Ramos objects to Campbell's testimony regarding the debt amount as inadmissible hearsay because the basis for her knowledge is a document Campbell refers to as a "Loan Transaction History" (although on its face it is captioned "Loan Historical Transaction"). Indeed, neither Campbell nor any other competent witness offers testimony establishing how or when this document was created. Accordingly, Ramos argues, the government has not shown that the document meets the business record exception to the hearsay rule and thus has failed to lay an adequate foundation for Campbell's testimony.

It seems likely that the government could show that the "Loan Transaction History" document meets the criteria for a business record. Yet, rather than try to refute Ramos's shaky argument, the government asserts, without citation to authority or persuasive argument, that the document is admissible under the "public records" exception to the hearsay rule. Fed. R. Evid. 803(8). As the Seventh Circuit has explained, however, that exception encompasses three discrete categories of public records: those that "set out a public office's activities," those that set out "a matter observed while under a legal duty to report," and those that set forth "factual findings from a legally authorized investigation." *Jordan v. Binns*, 712 F.3d 1123, 1132 (7th Cir. 2013) (citing Fed. R. Evid.

803(8)(A)(i)–(iii)). It seems unlikely from the face of the Loan Transaction History that it falls into any of these categories, and the government makes no effort to show that it does.

Nor is the government entitled to summary judgment on the basis that Ramos failed to respond to its L.R. 56.1 statement of uncontested facts. It is true that factual statements left unanswered are generally deemed admitted, but that is only true to the extent the asserted facts are supported by admissible evidence. *Keeton v. Morningstar, Inc.*, 667 F. 3d 877, 884 (7th Cir. 2012) (court deems facts not timely contested "admitted to the extent [they are] supported by evidence in the record," but failure to respond to the movant's L.R. 56.1 statement does not "automatically result in judgment for the movant."). Because the government has not established the admissibility of its proffered evidence to support the amount it claims is due under the note and mortgage, it has not shown that the undisputed record entitles it to judgment in the claimed amount.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: March 9, 2018